# Farmers' & Merchants' Deposit Company *v.* McAvoy, Appellant.

*Judgments—Opening—Evidence—Insufficiency.*

A petition to open a judgment is properly discharged where, taking as verity everything which appears in the depositions, there is nothing to move the court in the exercise of a wise discretion to open the judgment.

Argued December 7, 1925. Appeal No. 149, October T., 1925, by defendant, from judgment of C. P. Montgomery County, October T., 1911, No. 104, in the case of Farmers' & Merchants' Deposit Company v. William M. McAvoy. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before WILLIAMS, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*Warren H. Cogswell,* for appellant.

*Aaron S. Swartz, Jr.,* and with him *John M. Dettra* and *Samuel H. High,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

This appeal is from an order of the lower court refusing to open a judgment. The facts to which the defendant in the judgment testified are as follows: Sometime in 1911, C. F. Wall, a dealer in cattle in West Virginia, shipped some stock to M. C. Eavenson who lived near the defendant and sent Engle, his agent, to collect the balance still due upon the stock. It appears that in order to close the transaction

Eavenson made the check payable to McAvoy, the defendant, who indorsed it, only for the purposes of identification and without consideration, and turned it over to Engle. When the suit was brought on the check, after considerable forbearance on the part of the plaintiff's attorney, judgment was finally entered for want of an affidavit of defense in favor of the Farmers' and Merchants' Deposit Co., the plaintiff, on January 19th, 1912. The defendant had been advised by counsel that he had no defense to the suit. He now asks the court to open the judgment, alleging fraud in that he thought that at the time the suit was brought the bank was the owner of the check and that he has recently discovered that Wall was the real owner of the check. In the depositions taken it appears that the bank was the owner of the check at the time the suit was brought and that after it concluded that it could not collect the judgment, Wall paid the amount of the check with interest and costs to the bank and is now the owner of the judgment. There is an allegation in the petition that there was an express understanding with Engle, the agent of Wall, when McAvoy endorsed the check that it should be taken to the bank at once and cashed, and that Engle failed to carry out this understanding and took the check to West Virginia and thus delayed its presentation. This allegation is not, however, supported by any testimony, and need not be considered.

We might sustain the order of the lower court on the grounds of laches. Had the defendant in 1911 put in a defense to the check alleging fraud, and if he had been able to show Wall's title was defective, he could, at the trial of the case, have ascertained the true status of the bank. Act of May 16, 1901, P. L. 194, Section 59. There is, however, another reason which we think is conclusive of the petitioner's attempt to open the judgment. It is: the fact that he endorsed the check merely as an accommodation, without con-

sideration, is no defense. Section 29 of the Negotiable Instrument Act, supra, reads as follows: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Taking as verity everything which appears in the depositions taken, there was .nothing to move the lower court in the exercise of a wise discretion to open the judgment. There was nothing to relieve the defendant from his liability as an accommodation endorser.

The judgment of the lower court is affirmed.